IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-00570-RBJ-SKC

ALPHONSO BLAKE, JR.

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

ORDER ON ECF NO. 191

---

Before the Court is Plaintiff's Motion to Amend Expert Disclosure, ECF No. 191. This case was filed on March 9, 2008, and is set for trial beginning November 15, 2021. There has been ample time to designate experts. The Court recognizes that plaintiff represents himself, and that as an inmate, it is more difficult for the plaintiff to locate and disclose experts than if he were not in custody. However, on February 25, 2021, nearly three years after the case was filed, Magistrate Judge crews set a deadline of June 18, 2021 for the parties to designate affirmative experts, and July 16, 2021 for the parties to designate rebuttal experts. ECF No. 134. That provided the parties approximately four more months to designate their experts. On June 21, 2021 plaintiff filed a document listing two expert witnesses: Edwin P. Aro, a Denver attorney; and Doris C. Gundersen, a doctor. ECF No. 181. On June 30, 2021 defendant moved to strike the designation because it did not provide the information required by Rule 26(a)(2) and to give plaintiff until July 9, 2021 to provide the required disclosure, i.e., a week before the deadline for defendant's disclosure of rebuttal experts. ECF No. 183. On July 20, 2021 – after defendant's

proposed new deadline and the deadline for rebuttal experts, but before the Court ruled on defendant's motion to strike -- plaintiff filed an amended designation of experts. ECF No. 187. He described Mr. Aro as the "leading attorney in *Cunningham v. F.B.O.P.,* no.12-cv-01579-RPM," a case that "broadly addressed that [sic] treatment of inmates with mental illness at the ADX." *Id.* The disclosure said Mr. Aro would testify about "Plaintiff's mental health issues, the things that Plaintiff was subjected to and how he was able to get Plaintiff out of ADX, do [sic] to the treatment of Plaintiff starting in 2017." *Id.* The disclosure states that Dr. Gundersen "will testify about the effect of long term solitary confinement affects [sic] mental illness in prisoners." *Id.* The disclosure added that Dr. Gunderson would testify "about the symptoms Plaintiff suffers from as the result of his placement in ADX as well as 13/13 range after long-term isolation," and concerning "Plaintiff's psychotic medications." *Id.* Additionally, she "is expected to present evidence concerning the psychological injuries Plaintiff suffered." *Id.* The disclosure also states that Dr. Gunderson was not specifically retained or employed but is a fact witness. *Id.*

The Court granted defendants' motion to strike, ECF No. 183, implicitly concerning the June 21, 2021 witness list, and finding that it did not comply with Rule 26(a)(2). The order did not expressly address the amended witness list, ECF No. 187. However, the amended list, though somewhat more informative, still did not comply with Rule 26(a)(2)(B). It is unclear whether Mr. Aro or Dr. Gundersen ever agreed to provide expert opinion testimony in this case, or whether the plaintiff was simply describing things he believes they know about based on past experiences. In any event, the only claim left in this case is plaintiff's tort claim pursuant to the Federal Tort Claims Act for intentional infliction of emotional distress arising from his allegations that (1) defendant discontinued or failed to provide certain antipsychotic medications, and (2) defendant used force against him on April 14, 2017 and placed him in an isolation unit

for three days. *See* ECF No. 108 at 22, 27-28. The amended disclosure did not summarize either facts or opinions concerning those issues. If Dr. Gunderson has relevant testimony to provide as a fact witness, e.g., concerning any relevant diagnosis and treatment of the plaintiff that relates to the alleged denial of medications or to the April 14, 2017 incident, and she appears and is called as a witness at trial to provide such testimony, then that testimony would not be precluded by Rule 26(a)(2).

Defendant moved for an extension of time to designate rebuttal experts until 14 days after plaintiff submits an expert disclosure complying with Rule 26(a)(2). ECF No. 185. The Court denied the motion as moot, finding that because plaintiff did not file a timely or compliant expert disclosure, there is no basis for a rebuttal expert. ECF No. 190.

Plaintiff then filed the pending motion ECF No. 191, listing Mark Ivandick as an expert witness. It describes Mr. Ivandick as an attorney with Disability Law Colorado. It states that Mr. Ivandick "will testify about the effect [sic] long term solitary confirment [sic] affects mental illness in prisoners." *Id.* Also, he will testify "about symptoms Plaintiff suffers from as the result of his placement on Range 13/13 after long-term isolation," and "concerning recommendations that was made throughout the decree," and "concerning psychological injuries Plaintiff suffered." Once again it is unclear whether Mr. Ivandick has agreed to testify as an expert, but in any event, the motion does not provide a summary of the facts and opinions Mr. Ivandick would provide that have anything to do with the claim left in the case. Like Dr. Gunderson, if Mr. Ivandick (or the other attorney, Mr. Aro) can provide fact testimony relevant to the remaining claim in the case, fine. But no expert opinions relevant to that claim have been properly designated.

The Plaintiff's Motion to Amend Expert Disclosure is DENIED.

Dated this 31st day of August, 2021.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge